IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CHRISTOPHER J. KLINE and
JESSICA M. KLINE,

              Plaintiffs,

vs.

U.S. BANK,

              Defendant.

8:14-CV-363

MEMORANDUM AND ORDER

       Christopher and Jessica Kline, the plaintiffs, sued U.S. Bank after the Bank seized their deposited funds in compliance with a notice of levy issued by the Internal Revenue Service (IRS). The Bank has moved to dismiss the plaintiffs' claims based upon statutory immunity. Filing 6. The Court finds merit to the Bank's statutory defense and will dismiss the plaintiffs' complaint with prejudice.

       The plaintiffs' complaint, and the documents attached to the complaint by the plaintiffs, establish the following sequence of events. The IRS issued a notice of levy to the Bank on September 24, 2012, stating that Jessica Samuelson (n/k/a Jessica Kline) owed unpaid taxes. Filing 1 at 13. In a letter dated October 15, Jessica instructed the Bank not to comply with the levy, claiming that the name and address on the levy didn't match the plaintiffs'.[1] Filing 1 at 27-28. But on October 22, the Bank seized $20,252.97 from the plaintiffs' bank accounts in satisfaction of the levy. Filing 1 at 13-14.

       Several months later, on March 31, 2014, the plaintiffs issued a "Notice and Demand" to the Bank. Filing 1 at 13-24. The plaintiffs no longer denied that Jessica was the person identified by the notice of levy. Instead, they proffered a number of legal theories as to why the notice of levy had been invalid, and demanded that their money be refunded by the Bank. Filing 1 at 13-24. The Bank refused. Filing 1 at 9. So, the plaintiffs filed suit in county court, alleging that the Bank had converted their funds. Filing 1 at 8-10. The

---

[1] The letter also referred to a demand for information from the IRS that, based on the Court's experience, suggested a well-known "tax protestor" theory about the definition of taxable income. *See, James v. United States*, 970 F.2d 750, 755 n.9 (10th Cir. 1992); *Lanier v. Wachovia Bank*, No. 2:09-CV-4566, 2010 WL 1141267, at *7 (E.D. Penn. Mar. 24, 2010). But more on that later.

Bank removed the action to this Court. Filing 1 at 1-3.[2] The Bank now moves to dismiss the plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6).

A complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). And to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must also contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). For the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The plaintiffs contend that the Bank wrongfully seized their money because, among other things, the "notice of levy" was not a "levy" and should have been supported by a court order, various IRS regulations were improperly promulgated, and the IRS should have complied with the "Federal Debt Collection Procedures Act (FDCPA)" [sic]. Filing 8 at 1-3. There is no merit to any of the plaintiffs' arguments. The plaintiffs' attempt to distinguish between a "levy" and "notice of levy" is nonsensical, and there is no requirement that a notice of levy be preceded by a court order. *See, e.g.*, *Schiff v. Simon & Schuster, Inc.*, 780 F.2d 210, 212 (2d Cir. 1985); *Lanier*, 2010 WL 1141267, at *3; *Heaton v. YRC, Inc.*, No. 09-2807, 2009 WL 5103228, at *2 (D. Minn. Dec. 17, 2009); *Marranca v. IRS*, No. 07-CV-859S, 2009 WL 909642, at *7 (W.D.N.Y. Mar. 31, 2009); *Bean v. Gen'l Elec. Co.*, 593 F. Supp. 2d 306, 309-10 (D. Mass. 2009); *Erickson v. Luke*, 878 F. Supp. 1364, 1369 (D. Idaho 1995); *see also United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 720-21 (1985). There is no basis in law or fact for the plaintiffs' claims regarding the IRS' regulatory authority. *See, e.g.*, *United States v. Dawes*, 161 Fed. Appx. 742, 745 (10th Cir. 2005); *Lonsdale v. United States*, 919 F.2d 1440, 1445-47 (10th Cir. 1990); *Dillender v. Carpenters' Pension Trust Fund*, No. 2:13-40, 2014 WL 1289599, at *2 (M.D. Tenn. Mar. 31, 2014); *Heaton*, 2009 WL 5103228, at *2 n.3; *Watts v. IRS*, 925 F. Supp. 271, 276-77 (D.N.J. 1996). And the FDCPA, which is actually the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, has no application here. *See*, *Dawes*, 161 Fed. Appx. at 746; *Dillender*, 2014 WL 1289599, at *1; *Breton v. IRS*, No.

---

[2] Although the plaintiffs have not questioned removal, the Court has considered on its own motion whether federal question jurisdiction is present. (The amount in controversy is insufficient for diversity jurisdiction.) The Court finds that the plaintiffs' state-law claim necessarily raises a disputed and substantial federal issue, because it rests on their assertion that the notice of levy was invalid under *federal* law. *See*, *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923-24 (8th Cir. 2014); *Schulze v. Legg Mason Wood Walker, Inc.*, 865 F. Supp. 277, 284-85 (W.D. Penn. 1994).

13-CV-136, 2013 WL 1788536, at *4 (D.N.H. Apr. 10, 2013); *Marranca*, 2009 WL 909642, at *9; *Bankston v. IRS*, No. 08-CV-2233, 2009 WL 1810115, at *4 (D. Colo. Jan. 14, 2009); *McKean v. United States*, 563 F. Supp. 2d 182, 187 (D.D.C. 2008).

The plaintiffs' contentions, as represented in their complaint, underlying correspondence, and briefing, are a mélange of familiar, unanimously-rejected tax protestor theories. *See Lonsdale*, 919 F.2d at 1447-48; *see also, e.g.*, *Dawes*, 161 Fed. Appx. at 745-46; *Dillender*, 2014 WL 1289599, at *2; *Lanier*, 2010 WL 1141267, at *6-9; *Heaton*, 2009 WL 5103228, at *2; *Marranca*, 2009 WL 909642, at *6-9; *Bean*, 593 F. Supp. 2d at 309; *Eckwortzel v. Crossman*, 561 F. Supp. 2d 1144, 1152-53 (D. Idaho 2008); *Watts*, 925 F. Supp. at 276-77. But none of that really matters, because the Bank is immune from suit regardless of whether the underlying notice of lien was valid. *Moore v. Gen'l Motors Pension Plans*, 91 F.3d 848, 851 (7th Cir. 1996). The Treasury is authorized to collect unpaid taxes by, among other things, serving a notice of levy upon the custodian of a taxpayer's property, and the compliant custodian "shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment." 26 U.S.C. § 6332(e).

Contrary to the plaintiffs' suggestion, "[t]he constitutionality of the levy procedure, of course, 'has been long settled.'" *Nat'l Bank of Commerce*, 472 U.S. at 721 (quoting *Phillips v. Comm'r of Internal Revenue*, 283 U.S. 589, 595 (1931)). And it is equally settled that a bank account is a species of property subject to levy. *Id.*; *see* § 6332(c). The custodian may only refuse to honor the levy if it is not in possession of the property or if the property is already subject to judicial process. *Id.* at 721-22; *see* § 6332(a). And neither of those circumstances was present here. The Bank was under no obligation—and, in fact, had no legal right—to refuse to honor the notice of levy based on the plaintiffs' protests. *Moore*, 91 F.3d at 851. Indeed, the very purpose of § 6332(e) was to prevent custodians served with a notice of levy from being burdened with evaluating the merits of a dispute between a taxpayer and the government. *See Lanier*, 2010 WL 1141267, at *4-5. Accordingly, a custodian has no duty to refuse to honor a notice of levy, even if the taxpayer may have a valid defense. *See, e.g.*, *Heaton*, 2009 WL 5103228, at *2; *Clavizzao v. United States*, 706 F. Supp. 2d 342, 349 (S.D.N.Y. 2009); *Allstate Fin. Corp. v. United States*, 860 F. Supp. 653, 656-57 (D. Minn. 1994). A custodian "cannot be held liable for having failed to do what it could not legally do." *Moore*, 91 F.3d at 851; *accord Dillender*, 2014 WL 1289599, at *3.

As a result, courts have uniformly held that § 6332(e) insulates banks and bank employees from liability for surrendering depositor funds to the

Treasury in compliance with a notice of levy. *E.g.*, *Breton*, 2013 WL 1788536, at \*4; *Brunwasser v. Black*, No. 11-CV-14, 2011 WL 284126, at \*3 (W.D. Pa. Jan. 26, 2011); *Lanier*, 2010 WL 1141267, at \*4-5; *Clavizzao*, 706 F. Supp. 2d at 349; *Dietz v. Trustco Bank*, 572 F. Supp. 2d 296, 298-99 (N.D.N.Y. 2008); *Allen v. IRS*, 624 F. Supp. 2d 689, 695 (N.D. Ohio 2008); *Eckwortzel*, 561 F. Supp. 2d at 1153; *Jones v. Bass*, 343 F. Supp. 2d 1066, 1070-71 (D. Wyo. 2004). The Court reaches the same result here. If the plaintiffs have any valid defense to the notice of levy, they must take that up with the IRS, not the Bank. The Bank is discharged from liability pursuant to § 6632(e).

The Bank's motion to dismiss (filing 6) will be granted. And while Fed. R. Civ. P. 15 is broadly construed to permit plaintiffs to amend their pleadings, the Court need not engage in futile gestures. *Geier v. Mo. Ethics Com'n*, 715 F.3d 674, 678 (8th Cir. 2013). It is apparent to the Court that any amendment here would be futile. There is no plausible set of facts that would permit the plaintiffs' claim to overcome § 6332(e). The plaintiffs' complaint will be dismissed with prejudice.

1. The Bank's motion to dismiss (filing 6) is granted.

2. The plaintiffs' complaint is dismissed with prejudice.

3. A separate judgment will be entered.

Dated this 21st day of January, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge

- 4 -